UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS SUTTON and
ANNE SERLING-SUTTON

                                             Plaintiffs,

    v.
                                             5:03-CV-0664

TOMPKINS COUNTY, and TOMPKINS         (C.J. Mordue)
COUNTY DEPARTMENT OF SOCIAL
SERVICES, et al.,

                                             Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

THALER & THALER                       THOMAS D. CRAMER, ESQ.
Attorneys for Plaintiffs

JONATHAN WOOD, ESQ.
Tompkins County Attorney

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     Presently before the court is defendants' letter-motion to preclude plaintiffs' proposed expert testimony. (Dkt. No. 49). Defendants have filed a letter-brief in support of their motion. (Dkt. No. 54). Plaintiffs have filed a letter-motion in opposition to defendants' motion. (Dkt. No. 57). Because this issue relates to whether evidence will be admissible at trial, this court will issue a recommendation rather than an order. For the following reasons, this court agrees with defendants and will

recommend *granting defendants' motion to preclude plaintiffs' expert's testimony.*

## DISCUSSION

**1.     Facts**

On July 23, 2003, plaintiffs filed an amended civil rights complaint against defendants, claiming that plaintiffs' rights were violated when the Tompkins County Department of Social Services obtained custody of their 17 year-old daughter and placed her in foster care.  Plaintiffs allege that defendants' actions violated plaintiffs' federal constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. (Dkt. No. 2).  The amended complaint also contains various state law causes of action. (Dkt. No. 2).

Plaintiffs have designated, Professor Douglas J. Besharov, Esq. as their expert witness.  Plaintiffs propose that Professor Besharov testify as to whether defendants deviated from the standard practices for conducting child abuse investigations.  Professor Besharov's educational background includes a Juris Doctor and Master of Laws from New York University. (Dkt. No. 50, attached Curriculum Vitae).  Professor Besharov's Curriculum Vitae indicates that he wrote Article 10 of the New York Family Court Act, covering child abuse and neglect proceedings.  He has also authored numerous articles and books on the topic of child abuse.  However, Professor Besharov has *never* been a child abuse investigator.

**2.     Expert Testimony**

The admissibility of expert testimony is governed by Federal Rule of Evidence

702 which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  The determination of admissibility is a question of law for the court.  *Daubert*.v. *Merrell Dow Pharmaceuticals*, 509 U.S. 579, 592 (1993).  In *Kumho Tire Co., Ltd.* v. *Carmichael*, the Supreme Court held that Rule 702 applied to scientific testimony, and other types of expert testimony based upon technical or other specialized knowledge.

One of the basic requirements of Rule 702 is that the proposed expert testimony must assist the trier of fact to understand the evidence or determine a fact at issue. *Highland Capital Mgmt. L.P. v. Schneider*, 739 F. Supp. 2d 461, 468 (S.D.N.Y. 2005) (citations omitted).  In deciding whether the proposed testimony will help the fact finder, the court must also determine whether the testimony "'usurps either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying the law to the facts before it.'" *Id.* (quoting *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999)).

The law in the Second Circuit is clear that although an expert may provide an opinion to help the jury or the judge understand a particular fact, the expert may not offer testimony stating ultimate legal conclusions based on those facts. *Hygh v.*

3

*Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992)(citations omitted).  In *Hygh*, the Second Circuit expressed concern that even if the jury were not misled into adopting the outright legal conclusion of the expert witness, the testimony would remain objectionable by communicating a legal standard, either implicit, or explicit to the jury. *Id.* at 364.  Expert testimony "on matters of domestic law is inadmissable for *any* purpose." *Music Sales Corp. v. Morris,* 73 F. Supp. 2d 364, 381 (S.D.N.Y.1999) (emphasis added). *See also Andrews v. Metro North Commuter R.R. Co.,* 882 F.2d 705, 708 (2d Cir.1989)(holding that engineer's testimony that defendant was negligent was an improper legal conclusion).  Thus proffered testimony that expresses a "legal" conclusion is properly excluded. *Hygh*, 961 F.2d at 363. *See also United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991).

   In this case, defendants have submitted a copy of Professor Besharov's answers to a series of hypothetical questions posed by plaintiffs' counsel. (Dkt. No. 49, Ex. A). Professor Besharov's introduction to these answers states that the letter "constitutes [his] written report."  A review of these answers shows that Professor Besharov's proposed testimony would focus on his interpretation of the law.  In fifteen of the seventeen answers, Professor Besharov cites the New York Family Court Act or the New York Social Services Law in order to support his opinion that "the Department substantially deviated from the appropriate and minimum standards of investigative and decision making practices." (Dkt. No. 49, Ex. A).

    It is the judge's duty to convey the meaning of the law at issue to the jury. *See*

*Hygh*, 961 F.2d at 364 (an expert is not qualified to compete with the judge in the function of instructing the jury). An expert may provide clarification of confusing facts associated with the case but may not testify in order to clarify the law. *See United States v. Bilzerian*, 926 F.2d at 1294.

Plaintiffs argue that Professor Besharov would not be testifying as to whether the law was followed in the child abuse investigation at issue. Instead, plaintiffs claim that Professor. Besharov would testify about standard procedures for conducting a child abuse investigation based on his knowledge of child abuse. A reading of the answers to the hypothetical questions submitted by Professor Besharov, shows that plaintiffs' argument is not supported by those answers. Almost every answer submitted by Professor Besharov makes a legal conclusion that the Department did not follow the appropriate law.

The court would also point out that Professor Besharov does not currently and has never investigated child abuse cases himself. His lack of investigative experience may make him unqualified to testify about unique situations not covered by the law that may arise "in the field." Prof. Besharov does not appear to have any occupational experience that would make him qualified to testify to anything other than an interpretation of the law. The court would also point out that, according to the professor's own Curriculum Vitae, his involvement in writing the law was in the 1970's.

According to the plaintiffs, defendants' actions were similar to those of a police

officer investigating a crime or accident.  Plaintiffs maintain that a police officer would be allowed to testify as to the standards for investigating a crime or accident. However, Professor Besharov is not a child abuse investigator, and plaintiffs' argument in this regard has no merit.

Plaintiffs cite *Marx & Co. v. Diners' Club, Inc*, and argue that "testimony concerning the practice of lawyers or others engaged in a particular business is admissible under the same theory as testimony concerning the ordinary practices of physicians or concerning other trade customers: to enable the jury to evaluate the conduct of the parties against the standards of ordinary practice in the industry.'" *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir.1977).  This statement in *Marx* does not, however, imply that testimony about the law is admissible or that testimony from lawyers is always admissible.  *Marx* only establishes that testimony from one person in a specific industry or practice may be utilized to explain procedures within that industry.  The *Marx* court stated that an attorney may testify about the ***practice of law***. *Id.*   *Marx* did not establish that attorneys or any other experts could testify about the ***meaning of law***.  Thus, based on the answers to the hypothetical questions that were provided to defendants, this court must recommend that defendants' motion to preclude Professor Besharov's expert testimony be granted.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to preclude Professor Besharov's testimony (Dkt. No. 49) be **GRANTED**, and it is further

**RECOMMENDED**, that plaintiffs' letter-motion in opposition to defendants' motion (Dkt. No. 57) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 18, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge