UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**DOUGLAS SUTTON and ANNE SERLING-SUTTON,**

                         **Plaintiffs,**

              -v-                                    **5:03-CV-0664**

**TOMPKINS COUNTY, and TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, and MARY PAT DOLAN, individually and as Commissioner of the Tompkins County Department of Social Services, and REBECCA BUSH, individually and as Deputy for the Commissioner of the Tompkins County Department of Social Services, and PENNY VAN SCHOICK, individually and in her official capacity as employee of Tompkins County Department of Social Services, and CINDY JACOBSON, individually and in her official capacity as employee of Tompkins County Department of Social Services, and AMY CHAFEE, individually and in her official capacity as employee of Tompkins County Department of Social Services, and KATE CHASON, individually and in her official capacity as employee of Tompkins County Department of Social Services,**

                        **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Holmberg, Galbraith, Van Houten & Miller
Lee M. Van Houten, Esq., of Counsel
Scott A. Miller, Esq., of Counsel
P.O. Box 6599, Suite 502
200 East Buffalo Street
Ithaca, New York 14851
and
Thaler & Thaler
Thomas D. Cramer, Esq., of Counsel
P.O. Box 266
309 North Tioga Street
Ithaca, New York 14851
Attorneys for Plaintiffs

Tompkins County Attorney
Jonathan Wood, Esq., of Counsel
125 East Court Street
Ithaca, New York 14850
Attorneys for Defendants

**Norman A. Mordue, Chief U.S. District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

Defendants move (Dkt. No. 49) to preclude the testimony of plaintiffs' proposed expert, Douglas J. Besharov, J.D, L.L.M. Plaintiffs move (Dkt. No. 57) for denial of the preclusion motion. Upon referral of the matter, United States Magistrate Judge Gustave J. DiBianco issued a Report and Recommendation (Dkt. No. 59) recommending that defendants' motion be granted and plaintiffs' denied. Plaintiffs objected (Dkt. No. 60), and defendants responded thereto (Dkt. No. 61). Because plaintiffs have objected, this Court conducts a *de novo* review of the matter.

The Court first addresses plaintiffs' contention that they were denied a full and fair opportunity to be heard on the motions. Plaintiffs complain that Magistrate Judge DiBianco restricted the length of their letter memorandum to five pages. In fact, however, plaintiffs apparently did not need even five pages; the body of plaintiffs' letter memorandum is only four pages long. *See* Dkt. No. 57. And in their objection (Dkt. No. 60) to the Report and Recommendation, plaintiffs took the opportunity to submit additional legal authority and argument. Plaintiffs make no showing that there is further legal authority and/or argument that they have somehow been prevented from placing before the Court.

Plaintiffs further claim that they were "deprived of their right to have this motion decided upon a fully developed record." They apparently object to the "letter-motion" procedure utilized, and they assert that on a "formal" motion they would submit "deposition excerpts from defendant CPS [*i.e.*, child protective service] investigators," the "professional manuals that the CPS caseworkers testified that they relied upon," and an affidavit from their proposed expert. However, discovery has been completed, and nothing prevented plaintiffs from submitting such materials with their letter memorandum on the present motions. No page limitation was placed on the number of attachments. Indeed, plaintiffs attached the equivalent of 20 pages from the transcript of Cindy Jacobson's deposition, and they give no reason why they did not attach

additional materials if they deemed them relevant.  The Court notes also that Magistrate Judge DiBianco granted plaintiffs' request for an extension of time to oppose defendants' motion (Dkt. No. 56).  There is no support for plaintiffs' claim that they have not had a full and fair opportunity to be heard on the motions.  Nor is there any reason to accede to plaintiffs' request to reserve decision on the motions until such time as the parties may move for summary judgment.

With respect to the merits of the motions, upon *de novo* review of the record, including plaintiffs' objection (Dkt. No. 60), the Court accepts and adopts in full Magistrate Judge DiBianco's well-reasoned Report and Recommendation.  Accordingly, the Court grants defendants' motion and denies plaintiffs' motion in opposition.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge Gustave J. DiBianco (Dkt. No. 59) is accepted and adopted; and it is further

ORDERED the defendants' motion (Dkt. No. 49) to preclude testimony from plaintiffs' proposed expert, Douglas J. Besharov, Esq., is granted; and it is further

ORDERED that plaintiffs' motion (Dkt. No. 57) opposing defendants' motion is denied.

IT IS SO ORDERED.

August 25, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge